**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER OLIVER,**<br>**Plaintiff,**<br><br>**v.**<br><br>**NORRISTOWN**<br>**STATE HOSPITAL, *et al.*,**<br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION NO. 26-CV-2465** |

**MEMORANDUM**

**SCHMEHL, J.** **AUGUST 26, 2026**

Plaintiff Christopher Oliver, who is currently confined at SCI Huntingdon, brings this *pro se* action alleging that his civil rights were violated when his legal materials were confiscated upon intake to Norristown State Hospital ("NSH"). (*See* ECF No. 2 ("Compl.").) Named as Defendants are NSH and several John Does. The Court will grant Oliver's application to proceed *in forma pauperis* and will screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). As explained below, the Court will dismiss Oliver's Complaint, but he will be permitted an opportunity to file an amended complaint if he can cure the deficiencies noted by the Court.

## I. FACTUAL ALLEGATIONS[1]

The allegations in Oliver's Complaint are brief. Although he does not specify who was responsible for the alleged violation, Oliver asserts that his legal materials were confiscated upon intake to NSH on April 12, 2024. (Compl. at 5, 6.) He describes the materials as "seven legal fold[ers] with all the evidence to my criminal case law book Reading Police Dept." (*Id.* at 5.) He further states that "Alex Amoroso Reading Berks County Public Defender Office sign the

---

[1] The following factual allegations are taken from the Complaint and publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination supplied by the CM/ECF docketing system to the pleadings in this case.

appellant for mental health treatment for know at all." (*Id.*) As relief, Oliver seeks damages. (*Id.* at 6.)

The state court docket system reveals that Oliver was charged with attempted first-degree murder, aggravated assault, simple assault, and recklessly endangering another person after an incident on June 16, 2023. *See Commonwealth v. Oliver*, CP-06-CR-0002399-2023 (C.P. Berks). Attorney Amoroso entered his appearance as Oliver's counsel on September 21, 2023. *Id.* Upon application of defense counsel in December 2023, Oliver was found incompetent to stand trial on January 23, 2024. *Id.* On November 13, 2024, however, the trial court convened a hearing to reassess the competency issue. *See Commonwealth v. Oliver*, No. 557 MDA 2025, 2026 WL 252892, at *5 (Pa. Super. Ct. Jan. 30, 2026). At the hearing, Oliver indicated that he wanted new counsel. *Id.* On December 10, 2024, the trial court determined that Oliver was competent to stand trial and permitted Oliver to proceed *pro se*. *Id.* at *6. Amoroso was appointed to serve as stand-by counsel. *Id.* Oliver was convicted of the charges on February 12, 2025, and sentenced on March 20, 2025. *See Commonwealth v. Oliver*, CP-06-CR-0002399-2023 (C.P. Berks). He appealed the judgment of sentence and appellate counsel subsequently filed a petition for leave to withdraw, which was denied. *See Oliver*, 2026 WL 252892, at *6. That matter remains pending before the Pennsylvania Superior Court. *See Commonwealth v. Oliver*, 557 MDA 2025 (Pa. Super. Ct.).

## II. STANDARD OF REVIEW

The Court will grant Oliver leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. §

[2] However, since Oliver is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).

As Oliver is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue."). "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245).

## III. DISCUSSION

Oliver alleges that his constitutional rights were violated. (*See generally* Compl. at 5-6.) The vehicle by which federal constitutional claims may be brought against state actors in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Even upon a liberal reading of the Complaint, however, Oliver has failed to plausibly plead a § 1983 claim.

Although Oliver makes passing references to various constitutional provisions,[3] his allegations are best construed as a denial of access-to-courts claim. *See, e.g.*, *Prater v. City of Philadelphia*, 542 F. App'x 135, 136 n.1, 137 (3d Cir. 2013) (*per curiam*) (construing pretrial detainee's allegations that, *inter alia*, he was denied access to counsel and that his legal mail was thrown in the trash, as access-to-the-courts claims).[4] "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' -- that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "The complaint must describe the

[3] Oliver also references the Fifth Amendment and the Equal Protection Clause. (*See* Compl. at 6.) However, the Court can discern no plausible basis for a constitutional claim based on these provisions given the allegations set forth in Oliver's Complaint. In any event, passing references to legal provisions are insufficient to bring a plausible claim before the Court. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an issue . . . will not suffice to bring that issue before this court." (alteration in original) (*quoting Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))). Accordingly, any claim based on a violation of the Fifth Amendment or Equal Protection Clause will be dismissed.

[4] Although Oliver checked the box on the form complaint to indicate that he is a convicted and sentenced prisoner (*see* Compl. at 3), the Court will assume for purposes of this Memorandum that Oliver was a pretrial detainee in April 2024 when the alleged constitutional deprivation occurred.

underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205-06 (footnote omitted and quoting *Christopher*, 536 U.S. at 416-17). In addition, the right to access the courts may be satisfied if the plaintiff has an attorney. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*) (citations omitted); *see also Prater*, 542 F. App'x at 137 n.4 ("[A]ppointment of counsel is sufficient to provide a pretrial detainee with meaningful access to the courts." (quotation marks and citations omitted)).

Oliver's state court records indicate that, although he filed *pro se* submissions in the state case, he was represented by counsel at the time the legal materials were confiscated in April 2024, indeed, until December 2024, and that he had standby counsel thereafter while he proceeded *pro se* during the criminal trial. *See Commonwealth v. Oliver*, CP-06-CR-0002399-2023 (C.P. Berks); *see also Oliver*, 2026 WL 252892, at *5-6 (describing procedural history of state court prosecution). More importantly, he fails to assert in the Complaint that the loss of his legal materials caused an actual injury traceable to the loss. Oliver merely alleges that his legal materials were confiscated upon intake to NSH in April 2024. (*See* Compl. at 5-6.) Oliver has not alleged what underlying nonfrivolous claims he was unable to pursue as a result of any Defendant's actions. *See, e.g.*, *Monroe*, 536 F.3d at 206 (finding that plaintiffs' allegations that "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim); *see also Talley v. Varner*, 786 F. App'x 326, 328 (3d Cir. 2019) (*per curiam*) (affirming dismissal of access-to-the-courts claim where inmate, *inter alia*, failed to allege what underlying nonfrivolous claims he was unable to pursue). Accordingly, Oliver's access-to-the-courts claim is not plausible and will be dismissed with leave to amend if he can allege additional facts to state a plausible claim.

It bears noting that there are other pleading deficiencies in Oliver's Complaint. Oliver cannot state a § 1983 claim against NSH. States are not considered "persons" who may be liable under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity for civil rights claims, *see* 42 Pa. Cons. Stat. § 8521(b). Since NSH "is a state institution within the Department of Public Welfare, . . . [it is] an arm of the state entitled to Eleventh Amendment immunity." *Matthews v. Norristown State Hosp.*, 528 F. App'x 115, 118-19 (3d Cir. 2013) (*per curiam*) (citing, *inter alia*, *Temple Univ. v. White*, 941 F.2d 201, 214 (3d Cir. 1991)). Accordingly, NSH is not subject to liability for damages under § 1983 and will be dismissed as a Defendant.

Additionally, Oliver has named several John Does as Defendants. In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). While Oliver may name a John Doe as a defendant if he is uncertain of the individual's identity at this time, he must, nonetheless, describe how that individual allegedly violated his constitutional rights.[5] Moreover, pleading in the collective by using the term "Defendants" and ascribing all of the behavior alleged to an unidentified, unlimited group of

---

[5] Without the name of at least one individual, however, the Court may be unable to direct service of any amended complaint if it passes statutory screening.

people, also is insufficient to state a claim and does not provide enough information to either identify defendants or for any defendants to defend the claims brought against them. *See, e.g.*, *Walker v. Wetzel*, No. 22-1357, 2022 WL 4103632, at *3 (3d Cir. Sept. 8, 2022) (*per curiam*) (affirming district court's conclusion that generalized reference to "medical staff and officers" did not allege personal involvement); *see also Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (agreeing with the district court that complaint was ambiguous due to the plaintiff's "repeated and collective use of the word 'Defendants'" instead of naming "which specific Defendant engaged in the specific conduct alleged").

Further, as noted above, the Court must determine whether Oliver's Complaint contains sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 556 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotations and citations omitted). "A complaint that pleads facts merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up); *see also Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (stating the court is not required "to accept as true unsupported conclusions and unwarranted inferences."). If he elects to submit an amended complaint, Oliver must provide sufficient factual support for his claims.

## IV. CONCLUSION

The Court will grant Oliver leave to proceed *in forma pauperis* and dismiss his Complaint. All claims against Norristown State Hospital will be dismissed with prejudice pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) and it will be terminated as a Defendant. All other claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Oliver may file an amended complaint in the event he can address the defects the Court has noted as to his claims. An appropriate Order regarding amendment follows.

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL**
**United States District Court Judge**